■ In the Matter of the Estate of JEANETTE DIONISIO, Petitioner, v WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES et al., Respondents. [665 NYS2d 904] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Department of Social Services dated January 17, 1996, which, after a hearing, found that the respondent Westchester County Department of Social Services had correctly determined that Jeanette Dionisio was ineligible for medical assistance for a 30-month period.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with one bill of costs.

Jeanette Dionisio executed a waiver of her right to receive any property or assets from the estate of her husband two weeks before she entered a nursing facility, and approximately 20 months before applying for medical assistance. When her husband died testate four months after she entered the facility he left an estate valued at $469,500, and he had made no provisions in his will to provide for his wife. Mrs. Dionisio's share of her husband's estate would have been one-third, or $156,500.

The Westchester County Department of Social Services ultimately denied Mrs. Dionisio's application for medical assistance on the ground that, by waiving her marital rights to a portion of her husband's estate, she had transferred resources for the purpose of qualifying for medical assistance. Mrs. Dionisio died after this determination was made.

Following a hearing at which the representative of Mrs. Dionisio's estate presented evidence that the waiver was executed for estate purposes, and not to qualify for medical assistance, the Commissioner of the New York State Department of Social Services found that the denial on the stated ground was appropriate and that the 30-month penalty period was correctly imposed. Although the estate's counsel averred that Mrs. Dionisio and her late husband executed mutual waivers in each others' estates, Mrs. Dionisio's estate has failed to proffer a copy of her late husband's waiver.

Because there was a rational basis for the respondents' determination that Mrs. Dionisio's waiver of the right to elect a share of her husband's estate constituted a transfer of assets, and that the representatives of her estate failed to rebut the presumption that the transfer was for the purpose of qualifying for medical assistance, the determination should be confirmed (*see, Matter of Molloy v Bane,* 214 AD2d 171; *Matter of Flynn v Bates,* 67 AD2d 975; *Matter of Mattei,* 169 Misc 2d 989). The respondents did not err in calculating the appropriate penalty period. Miller, J. P., Ritter, Santucci and Florio, JJ., concur.